**FILED**
**Sep 27, 2023**
**09:37 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT NASHVILLE

| | | |
|---|---|---|
| MINA SHALABI, | ) | Docket No. 2021-06-1493 |
| Employee, | ) | |
| v. | ) | State File No. 72776-2021 |
| AMAZON.COM SERVICES, LLC | ) | |
| Employer, | ) | Judge Robert Durham |
| And | ) | |
| AMERICAN ZURICH INS. CO., | ) | |
| Insurer. | ) | |

## COMPENSATION HEARING ORDER
### DENYING BENEFITS

The Court held a Compensation Hearing on September 22, 2023, to determine whether Mr. Shalabi is entitled to benefits from a foot injury that allegedly occurred on September 14, 2021. The Court holds Mr. Shalabi did not prove by expert medical proof that he suffered a compensable injury and denies his claim.

### History of Claim

Mr. Shalabi was struck on his left heel when a co-worker pushed a cart into him on September 14, 2021. He reported severe foot pain but finished his shift and worked the next day as well. Amazon provided initial authorized treatment with Dr. Harold Nevels.

According to his deposition, Dr. Nevels first saw Mr. Shalabi on September 16. He complained of left heel tenderness when Dr. Nevels pressed on it. Dr. Nevels did not observe any bruising, marks, or swelling, and Mr. Shalabi's gait was normal. Despite the lack of objective signs, Dr. Nevels diagnosed a contusion, "which means a simple bruise to the skin."

Mr. Shalabi returned to Dr. Nevels a few days later complaining of throbbing pain that was aggravated by "pushing off" to walk. The exam was normal, and Mr. Shalabi did not have a limp. Dr. Nevels noted that "the symptoms seemed out of proportion with stated

1

injury."

Dr. Nevels saw Mr. Shalabi for the last time on September 24. Mr. Shalabi claimed no improvement, although, once again, Dr. Nevels did not observe any abnormalities and believed the pain complaints were "somewhat exaggerated." X-rays came back negative. Dr. Nevels felt that Mr. Shalabi had reached maximum medical improvement and could return to work at full duty. He did not believe further treatment was necessary and did not make a specialist referral or assign permanent restrictions or an impairment rating.

In his deposition, Dr. Nevels concluded that, based on the record, a "simple bruise" should not cause Mr. Shalabi's complaints. Thus, he could not say to a reasonable degree of medical certainty that Mr. Shalabi sustained any work-related injury on September 14.

After Dr. Nevels's release, Mr. Shalabi continued to complain of pain, so Amazon authorized treatment with orthopedist Lucas Richie, M.D. In his deposition, Dr. Richie said that Mr. Shalabi told him the cart ran directly on the back of his left ankle and foot, and since that time he had suffered constant, aching pain in his entire foot. His physical exam did not reveal any bruising, swelling, or open wounds, but Mr. Shalabi claimed every part of his foot was tender to touch. X-rays did not show any abnormalities that he could attribute to the work incident.

Dr. Richie could not explain why Mr. Shalabi should be experiencing global pain in his foot since it was unlikely that pain in his toes was directly related to a blow to his heel. He confirmed that the complaints could not be "fully attributed" to the impact and were "out of proportion" with a collision two weeks earlier. As a result, he could not form a diagnosis. He could not say within a reasonable degree of medical certainty that Mr. Shalabi's symptoms were due to a work-related injury.

In support of his claim, Mr. Shalabi filed a C-32 Standard Form Medical Report prepared by Dr. Nicholas Strasser on June 14, 2023. The report does not include Dr. Strasser's records or a curriculum vitae, and it does not contain any information as to Dr. Strasser's specialization, if any.

In the report, Dr. Strasser diagnosed Mr. Shalabi with a heel contusion caused by a strike to the back of the heel. He said the injury did not result in any disablement. He provided a 0% impairment and said Mr. Shalabi could return to work without restrictions. He checked the box indicating that Mr. Shalabi would need further medical care, but he did not recommend any particular treatment.

**Findings of Fact and Conclusions of Law**

Amazon does not dispute that Mr. Shalabi's heel was struck by a cart on September 14, 2021. The dispute is whether the incident resulted in an injury requiring treatment and

temporary disability benefits, and if so, whether Mr. Shalabi is entitled to further treatment for his current complaints. Mr. Shalabi has the burden of proving the essential elements of his workers' compensation claim by a preponderance of the evidence. *Scott v. Integrity Staffing Solutions,* 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Aug. 18, 2015).

For Mr. Shalabi's injury to be compensable, it must be "caused by a specific incident, or set of incidents, arising primarily out of and in the course and scope of employment and is identifiable by time and place of occurrence… that causes death, disablement or the need for treatment …" Tenn. Code Ann. § 50-6-102(12)(A)(2023). In this case, the Court holds that the September 14 collision meets the statutory definition of an "incident" that *could* give rise to a compensable injury.

However, that does not end the inquiry. Mr. Shalabi must also prove that the incident caused him to be disabled or need treatment. To do so, Mr. Shalabi's testimony must be supported by medical proof. *See* Tenn. Code Ann. § 50-6-102(12)(D). He must show to a reasonable degree of medical certainty that the incident contributed more than fifty percent in causing a disability or need for treatment. Reasonable degree of medical certainty means "it is more likely than not considering all causes, as opposed to speculation or uncertainty." *Id.* Upon review of the available medical proof, the Court holds that Mr. Shalabi has not met this burden on either point – disability or need for treatment.

Based on Mr. Shalabi's complaints following the incident, Dr. Nevels, as authorized treating physician, initially provided treatment and even restricted Mr. Shalabi's activities so he was unable to work for several days. However, in his deposition, Dr. Nevels noted that he never saw any objective signs during his exams confirming that Mr. Shalabi suffered any injury. Mr. Shalabi did not have any bruising, discoloration, swelling, or gait derangement from the alleged injury, and x-rays were negative. He also felt that Mr. Shalabi's pain complaints were "out of proportion" to the stated injury. Based on these findings, Dr. Nevels concluded that he could not say within a reasonable degree of medical certainty that Mr. Shalabi sustained any injury on September 14, 2021.

Dr. Richie confirmed Dr. Nevels's opinion when he testified that he also did not observe any objective signs of injury and that Mr. Shalabi's pain complaints appeared exaggerated. Given these issues, he could not say that Mr. Shalabi's current complaints were due to the alleged work injury either.

Mr. Shalabi provided a C-32 written medical report from Dr. Strasser stating that Mr. Shalabi suffered a contusion from a strike to his heel. However, the report was generated more than a year and a half after the alleged incident. It did not contain any findings on exam or an explanation for Dr. Strasser's conclusion. It also did not describe Dr. Strasser's qualifications to give such an opinion. Given these factors, the Court gives little weight to Dr. Strasser's causation opinion.

The Court holds that Mr. Shalabi has not proven by a preponderance of the evidence that he sustained a work-related injury on September 14, 2021, that resulted in disablement or the need for treatment. As a result, his request for benefits is denied.

IT IS, THEREFORE, ORDERED THAT:

1. Mr. Shalabi's claim for benefits is denied.

2. This Compensation Order constitutes a final adjudication upon the merits of Mr. Shalabi's claim for benefits.

3. Amazon shall pay court costs of $150.00 to the Court Clerk within five business days of this order becoming final.

4. Amazon shall prepare and file with the Court Clerk a Statistical Data Form within ten business days of the date this order becomes final.

5. Absent an appeal, this order shall become final in thirty days.

**ENTERED on September 27, 2023.**

_____
**ROBERT DURHAM, JUDGE**
**Court of Workers' Compensation Claims**

## APPENDIX

Technical Record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Transfer Order
4. Amazon's Pre-Hearing Brief
5. Amazon's Pre-Hearing Statement
6. Amazon's Witness List

<u>Exhibits:</u>

1. Expedited Hearing transcript
2. Dr. Nevels's deposition with attached exhibits
3. Dr. Richie's Deposition with attached exhibits
4. Dr. Strasser's Standard Form Medical Report
5. Medical Bill (For I.D. purposes only)

**<u>CERTIFICATE OF SERVICE</u>**

I certify that a copy of the Order was sent as indicated on September 27, 2023.

| Name | Regular Mail | Via Email | Service sent to: |
|---|---|---|---|
| Mina Shalabi | X | X | 276 White Bridge Pike #75 Nashville, TN 37209 Anim2000_2000@yahoo.com |
| Stephen Morton | | X | Stephen.Morton@mgclaw.com Amber.Dennis@mgclaw.com |

_____

**PENNY SHRUM, Court Clerk**
WC.CourtClerk@tn.gov

5



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury: _____**

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____ ☐ Motion Order filed on _____

☐ Compensation Order filed on_____ ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*